Caruthers, J.,
delivered the opinion of the Court.
This was an issue devisavit vel non, upon the will of Taylor Lindsley, in which the plaintiff was nominated one of the executors. The plaintiff wrote the will and *98 is a principal legatee under it. The deceased had no children, but near collateral relations, by whom the will was contested. The grounds of contest were, the want of capacity, and undue influence on the part of Dr. Logue and his confederates. The verdict and judgment below, were against the supposed will, and the argument for a reversal here, is based upon supposed errors in the charge, on the subject of the execution and attestation of the paper. No question.is made on the charge in relation to the main grounds on which the case turned nor upon the finding of the jury upon the- merits; nor are the rulings of the Court, upon the admissibility of evidence, and the proper mode of examining the witnesses, which are found in the record, made questions of debate here, - and perhaps they would be unavailing if they had. But this part of the charge of the Court is considered erroneous: “It must have been acknowleged by him in the presence of two witnesses, who attested it as such, in his presence, and in the. presence of each other, and at his request.” He explained that this request to attest, might be by words or actions which indicated a desire that it should be witnessed by the persons subscribing it. Handing out the will, acknowledging his signature, pointing to the paper, or acquiescing in the acts of another to that effect, or any other acts of the kind, would be sufficient.
It is not necessary that the witnesses should attest in the presence of each other, as his Honor held. This may be required in England under the new statute of Victoria, of 1855, but it was not necessary there, under their old statute of frauds. 1 Williams, on Ex., 76. The witnesses may attest the will separately, and at dif *99 ferent times, but each must do so in the presence of the testator, and at his request, as explained in the books, lb.
Our act of 1784. ch. 22, §, 11 — only provides that a will “shall be signed by him (the testator) or some other person in his presence, and by his directions, and subscribed in his presence by two witnesses at least.” The statute of Victoria requires that they shall- be “ present at the same time.” This, our act does not require, and there is no good reason for it. The rule here, and in England, was the same on this point, before the recent change there. In this particular, then, there was error, but it could not, upon the facts in proof, have prejudiced the plaintiff, as the proof was clear, and without conflict, that both of the subscribing witnesses were present, and subscribed at the same time, and there is no possibility that the ' case failed on that ground. For such an error, under these circumstances, we will not reverse.
Affirm the judgment.